**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1344-23

D.H.,[1]

    Plaintiff-Respondent,

v.

S.A.,

    Defendant-Appellant.

_____

Argued September 15, 2025 – Decided October 28, 2025

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-0324-19.

Anat Gordon argued the cause for appellant.

Respondent did not file a brief.

PER CURIAM

---

[1] We use initials and a pseudonym to protect the minor's privacy. See R. 1:38-3(d).

Defendant S.A. appeals from a Family Part order (1) awarding counsel fees to plaintiff D.H., and (2) denying her motion to the lift Soberlink[2] alcohol monitoring requirements previously ordered. Defendant also alleges judicial bias warranting transfer of the case to a different judge for future proceedings. After our review of the record and applicable legal principles, we affirm.

I.

The parties divorced in Maryland in 2013 and were awarded joint legal and shared physical custody of their child, E.H. ("Evan"). After plaintiff moved to New Jersey, in December 2021, she initiated a custody action here. In 2022, plaintiff alleged that defendant abused alcohol and had been arrested and convicted of Driving While Intoxicated ("DWI"), N.J.S.A. 39:4-50. He moved for a transfer of custody which was granted. A trial court order of August 26, 2022 confirmed that plaintiff was awarded custody of Evan except during defendant's scheduled parenting time. Plaintiff's request to relocate Evan to Massachusetts was denied, though the court permitted plaintiff to move to northern New Jersey. The maternal grandparents were permitted to intervene, but their application for custody was denied. After defendant was awarded

_____

[2] Soberlink is a remote alcohol monitoring system. Soberlink, https://www.soberlink.com/ (last visited October 16, 2025).

A-1344-23

custody of Evan, the record is unclear regarding parenting time arrangements during this period. Defendant asserts she has essentially been the de facto parent of primary residence of Evan, but the record below reflects plaintiff's disagreement with this assertion and further reflects Evan has lived at both plaintiff's residence and at the maternal grandparent's residence for significant periods after the divorce and after the current custody order was entered.

As part of the August 2022 order, defendant was ordered to undergo an alcohol and drug evaluation and barred from overnight parenting time pending its completion. The court also required defendant to install Soberlink for her visitation. The court ordered that plaintiff shall be residential custodial parent until further order of the Court, and that defendant could exercise visitation once she installs "Soberlink . . . on her vehicle and is not to be driving or have the child in her presence until there's a negative Soberlink test." The court further stated "once the alcohol and drug evaluation report indicates that there's not a problem, then Soberlink doesn't have to remain in there. But until such time as we get that, Soberlink is required for the visitations."

On August 31, plaintiff's child support obligation was suspended, and both parties were ordered to share school costs. In November the court denied defendant's motion to revert custody of Evan to her and declined to reconsider

A-1344-23

the suspension of child support. Defendant was again ordered to execute a Soberlink agreement and refrain from transporting Evan without Soberlink installed. In April 2023, the court denied further motions from defendant to alter custody to allow Evan to reside with her.

In November, defendant moved to vacate the order granting plaintiff custody, for restoration of child support to be paid to her and to remove the Soberlink requirement which the court denied. The court granted plaintiff's motion for counsel fees. The court found fees were exacerbated by untimely and improper service by defendant, and that the issues raised "could have been resolved by a simple phone call or mediation," but were not. The court found the $3,470 award requested was reasonable, "coercive, not punitive."

On appeal, defendant contends the court erroneously assessed counsel fees against her because her motion was not filed in bad faith and her application reflected reasonable advocacy due to changed circumstances. She also contends the court erred by failing to grant her motion to lift the Soberlink restrictions.

II.

Family courts maintain "special jurisdiction and expertise in family matters," so "appellate courts should accord deference to family court fact finding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). "Discretionary

4

determinations, supported by the record, are examined to discern whether an abuse of reasoned discretion has occurred." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017).

Our standard of review is that we will not disturb a trial judge's factual findings when they are "supported by adequate, substantial and credible evidence." Rova Farms Resort v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). We only "disturb the factual findings and legal conclusions of the trial judge [when] we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, "all legal issues are reviewed de novo." Ricci, 448 N.J. Super. at 565 (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

A.

We first address defendant's contention the trial court erred by assessing counsel fees against her. The award of counsel fees and costs in matrimonial actions rests in the sound discretion of the trial court. Williams v. Williams, 59 N.J. 229, 233 (1971). An award of fees will not be disturbed in the absence of a showing of abuse. Berkowitz v. Berkowitz, 55 N.J. 564, 570 (1970). We "will

disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion[,]" Strahan v. Strahan, 402 N.J. Super. 298, 317 (2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)), or a clear error in judgment. Tannen v. Tannen, 416 N.J. Super. 248, 285 (App. Div. 2010).

Where case law, statutes, and rules are followed and the judge makes appropriate findings of fact, the fee award is entitled to deference. Yueh v. Yueh, 329 N.J. Super. 447, 466 (App. Div. 2000); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.7 on R. 5:3-5 (2025); J.E.V. v. K.V., 426 N.J. Super. 475, 493-94 (App. Div. 2012).

One consideration in making an award of fees is whether a party acted in bad faith. Borzillo v. Borzillo, 259 N.J. Super. 286, 291-294 (Ch. Div. 1992); Williams, 59 N.J. at 233. Bad faith may be demonstrated by misuse or abuse of process, seeking relief which one knows or should know that no reasonable argument could be advanced in fact or law to support, intentional misrepresentation of facts or law, and acts of a losing party that are vexatious, wanton or carried out for oppressive reasons. Borzillo, 259 N.J. Super. at 293-94. Also, counsel fees may be awarded when a party has unnecessarily

6

prolonged the litigation. Marx v. Marx, 265 N.J. Super. 418, 429 (Ch. Div. 1993).

Generally, "the party requesting the fee award must be in financial need and the party paying the fees must have the financial ability to pay, and if those two factors have been established, the party requesting the fees must have acted in good faith in the litigation." J.E.V., 426 N.J. Super. at 493 (citing Guglielmo v. Guglielmo, 253 N.J. Super. 531, 545 (App. Div. 1992)). When both parties have a "sufficient ability to satisfy [their] attorney's fee obligation, and neither . . . proceeded in bad faith," the court may justifiably deny the award of counsel fees. Reese v. Weis, 430 N.J. Super. 552, 586 (App. Div. 2013).

The court must also consider the following factors:

> (1) the financial circumstances of the parties;
> (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party;
> (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial;
> (4) the extent of the fees incurred by both parties;
> (5) any fees previously awarded;
> (6) the amount of fees previously paid to counsel by each party;
> (7) the results obtained;
> (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and
> (9) any other factor bearing on the fairness of an award.
>
> [R. 5:3-5(c).]

The record confirms the court thoroughly analyzed the factors of <u>Rule</u> 5:3-5(c), finding both parties had an ability to pay fees—they had previously paid over $68,000 in aggregate fees—and that defendant's motion was repetitive, improperly filed, and essentially requested reconsideration of previously adjudicated and denied issues. Specifically, the court found defendant failed to abide by the previous orders requiring her to obtain and utilize Soberlink, to obtain an appropriate drug and alcohol evaluation and to attend mediation prior to filing any further motions, yet she continued to move for custody of Evan despite her noncompliance. The trial court also found the fee assessment against defendant was not for punitive reasons and was intended to be coercive, presumably to prevent further motions being filed without an adequate legal basis.

We see no reason to disturb the court's assessment of counsel fees. The trial court's reasoning supporting its award of fees and the quantum of fees to plaintiff were adequately supported by substantial, credible evidence in the record and were not an abuse of discretion.

B.

We now turn to defendant's contention that the court's failure to vacate the Soberlink restrictions against her were error. Defendant asserts she presented

changed circumstances based on plaintiff's alleged failure to follow the custody order and due to the passage of time since the order was entered. She reiterates the same argument she made to the trial court contending she has no current alcohol issues and, to the best we can discern, she completed an evaluation through her Intoxicated Drivers Resource Center treatment which justified the lifting of Soberlink requirements.

Our Supreme Court in Lepis v. Lepis, 83 N.J. 139 (1980), outlined a "two-step process" concerning modification of custody applications. Crews v. Crews, 164 N.J. 11, 28 (2000). In the first step, the movant "must meet the threshold standard of changed circumstances" to modify a custody determination or to be entitled to discovery or evidentiary hearing. J.B. v. W.B., 215 N.J. 305, 327 (2013); Crews, 164 N.J. at 28.

> In custody [and parenting time] cases, it is well settled that the court's primary consideration is the best interests of the children. . . . The court must focus on the "safety, happiness, physical, mental and moral welfare" of the children. Fantony v. Fantony, 21 N.J. 525, 536 (1956). See also P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999) ("In issues of custody and visitation '[t]he question is always what is in the best interests of the children, no matter what the parties have agreed to.'") . . . Custody issues are resolved using a best interests analysis that gives weight to the factors set forth in N.J.S.A. 9:2-4(c).

[Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007).]

The court found defendant failed to present any changed circumstance justifying modification of the prior order, stating "no new facts have been brought to the [c]ourt's attention." The court further found the existing custody determination remained in the child's best interest. We note in the record, on several occasions, the court clarified the Soberlink requirements would remain until a satisfactory alcohol and drug evaluation was presented and a Soberlink report as previously ordered was produced. Defendant had admitted that she failed to produce any test results, whether by way of Soberlink or Interlock as ordered. Also, the court specifically required defendant to undergo a drug and alcohol evaluation in its order of August 26, 2022. The record on appeal does not contain a drug and alcohol evaluation despite several representations by defendant that it was produced to the trial court. To the extent defendant is relying upon the Discharge Report for the Department of Human Services, Division of Mental Health and Addiction Services dated September 19, 2023, we conclude the record does not show this report was submitted to the trial court nor did the trial court address this report in any part of the record.

Even if we considered the Discharge Report, we conclude it is not a drug and alcohol evaluation as required by the court order as it fails to set forth any

10

A-1344-23

specific history, treatment protocol, findings or diagnosis concerning defendant's drug and alcohol issues and further indicates defendant <u>did not</u> achieve her "goal" concerning "alcohol drugs." (Emphasis added).

Further, we have determined courts have broad authority to fashion remedies supporting children's best interests and safety. <u>V.C. v. M.J.B.</u>, 163 N.J. 200, 227-28 (2000); <u>Beck v. Beck</u>, 86 N.J. 480, 485 (1981). We conclude restrictions such as Soberlink are within the trial court's discretion when safety of a minor child is implicated and were appropriate under the circumstances where there was sufficient, credible evidence in the record showing defendant had alcohol issues.

We further note these requirements were conditions precedent to the removal of the Soberlink obligation and to request any change to the custody provisions of the August 2022 order. We conclude the trial court's denial of defendant's application to remove the Soberlink requirement or modify the custody and parenting time order was based on substantial, credible evidence in the record and were not an abuse of discretion.

Having made the above determinations, we note that defendant alleged Evan has been primarily residing at the maternal grandparents' residence for a significant period and produced a calendar alleging she and her parents care for

the child approximately seventy-two percent of the time, provide shelter and food for the child during this period and provide most of the transportation arrangements to school for Evan. Although we make no determination concerning whether, if proven, a modification to the prior orders is appropriate, we contemplate once defendant satisfies the conditions precedent required by the August 2022 order, a review of the custody/parenting time and child support order may be appropriate when considering the allocation of the time the child spends with each parent and his maternal grandparents and their respective financial contributions to the child during these times. We leave that determination to the trial court upon an appropriate application.

Defendant also contends she was subject to judicial bias due to "inaccurate" statements made by the court regarding her DWI history. A judge may be disqualified for "any reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." R. 1:12-1(g).

A review of the record exhibits no bias or partiality by the court which warrants disqualification under this rule. The record reflects the judge acknowledged any confusion and considered the evidence supporting

12

defendant's application on the merits. The record also reflects the court exhibited extreme patience during the course of highly contentious proceedings.

To the extent we have not addressed any of defendant's remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-1344-23